NOT DESIGNATED FOR PUBLICATION

No. 129,356

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DURAYL TYREE VANN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; JENNIFER MYERS, judge. Submitted without oral argument. Opinion filed May 22, 2026. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before BRUNS, P.J., SCHROEDER and GARDNER, JJ.

PER CURIAM: Durayl Tyree Vann appeals the district court's decision revoking his probation and ordering him to serve his prison sentences in two criminal cases. We granted Vann's motion for summary disposition under Supreme Court Rule 7.041A. (2026 Kan. S. Ct. R. at 48). Based on our review of the record on appeal, we find that the district court did not abuse its discretion in revoking Vann's probation without first imposing an intermediate sanction. This is because Vann committed new crimes while serving his probation. See K.S.A. 22-3716(c)(7)(C). As a result, we affirm the district court's decision.

1

FACTS

On March 7, 2023, the State charged Vann with multiple felonies for conduct that occurred two days prior. Vann entered into a plea deal with the State in his 2023 case under which he pled guilty to one count of non-dwelling burglary. The district court accepted Vann's plea and sentenced him to a term of 34 months in prison. But the district court granted him a dispositional departure, suspended his sentence, and placed him on probation for a period of 24 months.

Over a year later, on April 10, 2024, the State charged Vann with felony possession of methamphetamine, misdemeanor possession of drug paraphernalia, and misdemeanor lewd and lascivious behavior. Two days later, the State filed a motion to revoke Vann's probation in his 2023 case based on the new charges as well as other alleged violations of the conditions of his probation. Subsequently, Vann entered into a plea agreement with the State in the 2024 case and pled guilty to one count of felony possession of methamphetamine.

At a joint probation revocation and sentencing hearing held on September 13, 2024, the district court sentenced Vann to a 42-month term of imprisonment in the 2024 case which ran consecutive to his sentence in his 2023 case. Still, the district court granted Vann a dispositional departure, suspended his sentence, and placed him on probation for a period of 12 months. But Vann was unable to successfully comply with the conditions of his probation.

On June 11, 2025, the State filed a motion to revoke Vann's probation on the grounds that he was arrested and convicted of additional crimes; failed to gain or provide proof of employment; failed to obtain a substance abuse assessment and follow relevant recommendations; failed to make a payment toward his outstanding court fees; and that he had active charges and warrants against him in Missouri. At his probation revocation

hearing, Vann stipulated to violating the conditions of his probation in both the 2023 and 2024 cases. Nevertheless, he requested that the district court allow him to continue on probation. The district court denied Vann's request and revoked his probation in both cases. The district court then ordered Vann to serve his underlying sentence of 34 months in his 2023 case and imposed a consecutive modified sentence of 26 months in the 2024 case. In doing so, the district court found—among other things—that Vann committed new crimes while on probation.

Thereafter, Vann timely filed a notice of appeal in both cases.

ANALYSIS

The sole issue presented on appeal is whether the district court abused its discretion in revoking Vann's probation in both his 2023 and 2024 cases. Specifically, Vann argues that the district court abused its discretion by not imposing an intermediate sanction. Based on our review of the record on appeal, we do not find that the district court abused its discretion.

K.S.A. 22-3716 governs the procedure for revoking an offender's probation. Generally, once the State has established a violation of the conditions of probation, the decision whether to revoke probation and whether to order the offender to serve his or her underlying sentence rests in the district court's sound discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). A judicial action constitutes an abuse of discretion only if it is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on a mistake of fact. *State v. Ingram*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). The party asserting the district court abused its discretion—in this case, Vann—bears the burden of proof. See *State v. Keys*, 315 Kan. 690, 708, 510 P.3d 706 (2022).

3

Although an intermediate sanction must generally be imposed before revoking an offender's probation, a district court has the discretion to revoke one's probation where an offender commits a new crime while on probation. K.S.A. 22-3716(c)(1)(C), (7)(C). Here, it is undisputed that the district court revoked Vann's probation based on his commission of several new crimes while on probation. Still, Vann argues that the district court should have allowed him to remain on probation because his new crimes were only misdemeanors. But K.S.A. 22-3716(c)(7)(C) grants district courts the discretion to bypass intermediate sanctions if an offender commits new misdemeanors or felonies. See *State v. Tafolla*, 315 Kan. 324, 329, 508 P.3d 351 (2022).

Because Vann makes no argument that the district court committed an error of law or a mistake of fact, the only question before us is whether the district court's decision was arbitrary, fanciful, or unreasonable. A review of the record reveals that Vann pled guilty to one count of non-dwelling burglary in his 2023 case and to one count of possession of methamphetamine in his 2024 case. Both of these crimes are felonies. K.S.A. 2022 Supp. 21-5807(a)(2); K.S.A. 2023 Supp. 21-5706(a). Likewise, the record reflects that the district court gave Vann several opportunities to show that he could successfully complete probation.

Unfortunately, Vann was unable to comply with the terms of his probation. Significantly, Vann failed to take advantage of the opportunity given to him by the district court and committed multiple misdemeanors while serving his probation in the 2023 and 2024 cases. Under these circumstances, we find that the district court appropriately exercised its discretion in revoking Vann's probation and imposing his underlying prison sentences. See K.S.A. 22-3716(c)(7)(C). Accordingly, we affirm the district court's decision.

Affirmed.